**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ANGELA KIFER**                                                                                    **PLAINTIFF**

**v.**                                              **No. 3:21-CV-199-KGB**

**ABILITIES UNLIMITED OF JONESBORO**                                            **DEFENDANT**

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**AND PARTIAL DISMISSAL**

Plaintiff Angela Kifer ("Plaintiff") and Defendant Abilities Unlimited of Jonesboro ("Defendant"), by and through their undersigned counsel, jointly submit the following Joint Motion for Approval of Settlement and Partial Dismissal:

1.      Plaintiff initiated this action on September 23, 2021, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. *Doc. 1*.  Plaintiff contends that she did not receive a lawful minimum wage or proper overtime compensation for all hours worked over 40 in each week that she worked as a Team Leader for Defendant. *Id.*

2.      Defendant disputes Plaintiff's claims that she was not compensated for all hours worked, including overtime. Specifically, Defendant disputes that Plaintiff worked all of the hours she claimed, denies that all of those hours constituted compensable working hours, and contends that Plaintiff is exempt from the overtime requirements of the FLSA pursuant to the caregiver, learned professional, executive, and/or administrative exemption. Accordingly, there is a bona fide dispute as to FLSA coverage and wages owed to Plaintiff.

1

3.      The parties engaged in discovery regarding Plaintiff's claims and the time records, compensation, and issues related to the underlying merits of the claims against Defendant as well as defenses.

4.      Following extensive negotiations between counsel, including a settlement conference in front United States Magistrate Judge J. Thomas Ray, the parties have entered into a Settlement Agreement and Release (Settlement Agreement) resolving Plaintiff's claims for back wages, excluding attorneys' fees and costs, and requesting dismissal of those claims with prejudice.  A copy of the proposed Settlement Agreement is attached hereto as **Exhibit A**.

5.      Circuits are split on whether a private settlement of an FLSA claim requires court approval. Compare *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing a settlement that was reached without judicial or Department of Labor approval), with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding FLSA settlements require approval from the district court or Department of Labor), and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (same). The Eighth Circuit has yet to decide this issue. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).

6.      Here, the Settlement Agreement is contingent upon the Court's review and approval of it and issuance of an Order approving the Settlement as fair, adequate and reasonable.

7.      "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.,* 679 F.2d at 1353. A district court may only approve a settlement agreement and enter

a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist. LEXIS 205376, at *3 (W.D. Ark. Dec. 14, 2017) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, n.8).

8.      Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *See Lynn's Food Stores*, 679 F.2d at 1353–54, n.8. The adversarial nature of litigated FLSA cases is generally a sufficient indicator of the fairness of the settlement. *See id.* at 1354 (contrasting settlements made in the context of a lawsuit, which provide "some assurance of an adversarial context," with settlements outside the context of a lawsuit, which are in "clear derogation...of the FLSA").

9.      Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes.  The settlement follows litigation, including the sharing of time and records by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length.  The parties understand that, inherent to litigation, there are uncertainties and risks.  The parties understand the expense associated with further pleadings, discovery, a trial, and, potentially, an appeal.

10.     The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement without a trial.  This decision included evaluating the likelihood of prevailing on the merits of Plaintiff's claims and Defendant's defenses, including the proper method for calculating any alleged damages. Plaintiff has considered the potential value of her claims and have concluded that the proposed

settlement provides a fair and reasonable resolution of those claims.  Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation.

11.     Under the terms of the settlement, Plaintiff is receiving an amount equal to 100% of her back wages as calculated by counsel for Plaintiff based on time entries submitted by Plaintiff. This is a fair compromise given that neither liquidated damages nor success on the merits is guaranteed.

12.     The FLSA provides for an award of a reasonable attorney's fee and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The parties have agreed to negotiate an amount of attorneys' fees and costs after the Court approves the Settlement Agreement. If the parties are unable to reach an agreement, Plaintiff's counsel will submit a petition for fees and costs directly to the Court within 30 days of an entry approving the Settlement Agreement, to which Defendant will respond within 14 days with any objections. The parties agree that the Court's Order setting a reasonable amount for attorneys' fees and costs will be paid by Defendant as a part of the settlement of Plaintiffs' claims in this lawsuit.

13.     Accordingly, Plaintiff and Defendant jointly seek dismissal, with prejudice, of Plaintiff's claims for back wages and all other relief—other than for Plaintiff's claims for reasonable attorneys' fees and costs—as sought in the Complaint in this action. The parties request that following the Court's approval of the Settlement Agreement, the Court partially dismiss the above-styled action with prejudice but retain jurisdiction for the enforcement of the Settlement Agreement and the resolution of attorneys' fees as stated herein.

WHEREFORE, Plaintiff and Defendants jointly request that the Court enter an order dismissing with prejudice Plaintiff's claims for back wages and all other relief in this lawsuit—other than her claim for a reasonable attorney fee and costs—and approving the Settlement Agreement, and for all other relief to which they are entitled.

Respectfully submitted,

Josh Sanford, AR Bar No. 2001181
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Tele:  (800) 615-4946
Fax:    (888) 787-2040
Email: josh@sanfordlawfirm.com

**ATTORNEY FOR PLAINTIFF**

*/s/ Brett W. Taylor*
Brett W. Taylor, AR Bar No. 2014175
CROSS, GUNTER, WITHERSPOON
& GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Tele:  (501) 371-9999
Fax:    (501) 371-0035
Email: btaylor@cgwg.com

**ATTORNEY FOR DEFENDANT**