**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**ANGELA KIFER**                                                                 **PLAINTIFF**

**v.**                                        **Case No. 3:21-cv-00199 KGB**

**ABILITIES UNLIMITED OF JONESBORO**                                **DEFENDANT**

## ORDER

Plaintiff Angela Kifer filed this matter asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (Dkt. No. 1).  Currently before the Court is the joint motion for approval of settlement and partial dismissal (Dkt. No. 35).  The parties indicate that they reached a settlement agreement in this case.  The parties now request that the Court approve the settlement and dismiss with prejudice Ms. Kifer's claims for back wages and all other relief, other than claims for reasonable attorneys' fees and costs (Dkt. No. 35, at 4).

Settlement agreements resolving FLSA claims typically are subject to court approval.  *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at \*2 (N.D. Ohio Mar. 8, 2010) (citing 19 U.S.C. § 216(b)).  Before approving a settlement, a court ensures that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute.  *See id.* at \*5; *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).  The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements.  Other district courts have scrutinized such settlements for fairness in two steps.

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise).  If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external'

to the compromise).   The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

Ms. Kifer filed this action on her own behalf only, not as a collective action.   The parties have attached the Settlement Agreement and Release ("Settlement Agreement") to their joint motion, and the Court has reviewed the terms of the parties' Settlement Agreement (Dkt. No. 35-1).   Based upon the Court's review of information in the pleadings filed and language in the Settlement Agreement, the Court determines that Ms. Kifer's recovery is reasonable and furthers the implementation of the FLSA in the workplace.   The Court approves the Settlement Agreement as to resolution of this *bona fide* wage dispute and other claims.

The Court therefore grants the joint motion for approval of settlement agreement and partial dismissal (Dkt. No. 35).   The Court dismisses with prejudice Ms. Kifer's claims for back wages and all other relief, except the Court does not dismiss Ms. Kifer's claim for reasonable attorneys' fees and costs.   Instead, the Court grants the parties' joint request and directs that the parties negotiate an amount of attorneys' fees and costs, if they are able to do so, and to file with the Court within 30 days from entry of this Order a written status report.   If the parties are unable to reach an agreement as to an amount of attorneys' fees and costs, consistent with the parties' joint request, the Court directs that Ms. Kifer's counsel has 30 days from entry of this Order to submit a petition for fees and costs, and defendant Abilities Unlimited of Jonesboro shall have 14 days from the filing of the petition to file any objections and to respond.

For these reasons, the Court partially dismisses with prejudice this action, dismissing with prejudice Ms. Kifer's claims for back wages and all other relief, but retains complete jurisdiction to enforce the terms of the Settlement Agreement, as necessary, and to vacate this Order and to

reopen the action if it is satisfactorily shown that settlement has not been completed and further litigation is necessary.  Further, the Court retains jurisdiction for the resolution of any petition for attorneys' fees and costs filed with the Court consistent with the terms of this Order.

So ordered this the 18th day of September, 2023.


_____
Kristine G. Baker
United States District Judge